My name is Benjamin Reches. I'm the appellant, and before I start, I'd like to just ask the Court if there's time left over for my five minutes, if I could use that for the rebuttal. Otherwise, I just want to go straight. Yes, if there's time left, you may reserve that portion that's left, and we'll start your clock again now since you've asked that. I'm ready. Go ahead. Thank you. In August 2017, the District Court denied Reches' motion for relief under Rule 6dB and wrote, The standard for granting a reconsideration motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked. Plaintiffs' claims do not meet this standard. This clearly states the legal standard that the District Court applied. The District Court reviewed Reches' motion using the wrong legal standard. The fact that the wrong standard might be of the same nature does not repair the seriousness of this error. Reches was deprived of the proper legal standard for reviewing a motion for relief under 6dB, which is clearly stipulated in the FRCP. But your case had previously been dismissed because the Court found in the first instance that the statute of limitations had run, correct? Yeah, I'm coming to that, but. All right. Yeah, but I'm asking you a question, so that's how we do it here. Okay. I lose my time. I mean, all right. But this isn't a race. This is a conversation with the Court. Okay, fine. So you may not get to say everything you want to say. Okay. So I'm going to point out that the District Court, by not giving Reches any of his, by not giving Reches. Take your time. Okay. You'll get to say what you want to say. Okay. The District Court raised the statute of limitations sua sponte without ever meeting or speaking with Reches. The Supreme Court indeed wrote, of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. The Second Circuit, and actually the Supreme Court cited the Second Circuit in Acosta v. R2s in 2000, the Second Circuit wrote, the courts below erred in dismissing the petitions as untimely without providing petitioners prior notice and an opportunity to be heard. We therefore vacate. We believe it is bad practice for a District Court to dismiss without affording a plaintiff the opportunity to be heard. The Fifth Circuit ruled by not providing notice that it was considering the limitations issue and not affording the opportunity to present its position on the limitations issue, the District Court's determination on the limitations issue is insufficiently developed and must be vacated. The Sixth Circuit also vacated a District Court's ruling the same error, and the court in the Eastern District of New York cited these rulings in 2015. Therefore, as per the Second, Fifth, and Sixth Circuits and the Supreme Court indeed, the August 2000 judgment where the court ruled, you know, raised the statute of limitations should be vacated. Furthermore, the Supreme Court in Espinoza wrote, Rule 60b-4 applies where a judgment is premised either on a certain type of jurisdictional error or in a violation of due process that deprives a party the opportunity to be heard. A jurisdictional error is defined as ignoring relevant material. The Second Circuit in Grace v. Bankela-Ume wrote, A judgment is void under 60b-4 if the court acted in a manner inconsistent with due process of the law. The District Court's improper sui sponte action in 2016 is a jurisdictional error. It ignored relevant material, the Supreme Court's ruling today. It is also inconsistent with the due process since the Supreme Court's ruling was specifically created to accord the parties fair notice and an opportunity to present their positions and to guarantee a party is not deprived the opportunity to be heard. Those are the reasons why under 60b-4 that ruling needs to be voided. Quoting again from this court in the Second Circuit in 2002 in Acosta v. Artus, this court wrote, Providing the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of the order. It avoids the risk that the court may overlook valid answers to its perception of defects. Unfortunately, Ferrejas displayed that exactly in his case. The entire decision in 2016 is predicated on the District Court's mistake of improperly relying upon its own false assumption of fact that Morgan Stanley had furnished ERISA documents to Ferrejas in 1990, which is a direct result of not giving Rejas an opportunity to be heard. The barring of Rejas's pension claim due to statute of limitations, the affirmation of Morgan Stanley's exhaustion argument, prohibiting Rejas from using Morgan Stanley's annexed discovered evidence, and denying Rejas's motion to compel Morgan Stanley for pertinent ERISA documentation, and not investigating Rejas's allegation that Morgan Stanley falsified their motion to dismiss and concealed and distorted discovered evidence are all predicated on and born out of this false assumption. As the First Circuit wrote, abuse of discretion occurs when an improper factor is relied upon. Wherefore, Rejas asked his court to grant him relief he seeks under Rule 60b-1 for the mistake of the District Court. And should this court remand the rest of the case to the District Court, then Rejas asked his court to rescind the District Court's improper assumption with regard to Rejas's claim for pension, and to overturn all decisions which were born out of this false assumption. Thank you. I'm over. Thank you very much. Your red light has been on. Okay. You've had a few extra parts. Thank you very much. And we have read your papers. We want to assure you both that, that we have read and studied your arguments in writing that have been presented in writing. So the Court has those in mind. Thank you, Mr. Rejas. Thank you, and may it please the Court. I'm Robert Holtzman of Kramer Levin, Naftalis & Franco, for the Respondent Morgan Stanley. This Court, of course, reviews the denial of a Rule 60b motion for abuse of discretion, an exceptionally high standard that Mr. Rejas cannot meet here. And underlying that is the District Court's decision, and in considering a Rule 60b motion, that Court had to recognize that it was a mechanism for extraordinary judicial relief that is only awarded in exceptional circumstances. So we have here layers upon layers of exceptionality that would be required for this Court to overrule the decision of Judge Kogan on the motion below. On top of that, this case, as Judge Hall noted, has been before this Court already. Just over a year ago, we appeared before a panel, and at that time, Mr. Rejas sought review of Judge Kogan's dismissal of his claims on the initial motion to dismiss and denial of four subsequent motions for reconsideration that Mr. Rejas had made. We argued that case, and the panel subsequently issued a summary order dismissing all of, or upholding the dismissal of the Federal claims in this action, the ERISA claims that were asserted, on the basis set forth by Judge Kogan in his decision and took the time in its summary order to point out some additional points. Among the things mentioned by Mr. Rejas this morning is his concern with regard to a sua sponte dismissal on the grounds of statute of limitations. And this Court specifically addressed that issue during the prior argument and in its decision and found that it was not improper for the Court to dismiss the first ERISA claim on the grounds of statute of limitations in those circumstances because the bases for the defense were found entirely within the four corners of the complaint. In addition, Mr. Rejas states that the district court's decision was erroneously placed on a finding of fact that he had access to certain planned documents at the time that he was an independent contractor or a leased employee to Morgan Stanley, a time period that dates back more than 15 years and up to 30 years ago. But, in fact, that was not the basis for this Court's decision. When this Court upheld the decision below, it was based upon the fact that Mr. Rejas says in his complaint that he was aware of his misclassification. He was aware of the fact that he was being classified as a 1099 person and as a leased employee during that period of time. Under the mandate rule, that case is over at this point. And it is improper for Mr. Rejas to be attacking this indirectly what he failed on attacking directly. Moreover, he raises precisely the same arguments here that he already raised below both before the district court and before this Court on the prior appeal. We, in our brief, take the time to go through and demonstrate how the very same arguments are here and there and here and there. His primary argument concerns certain plan documents that we attached to affidavits on our motion to dismiss and claims that they were misinterpreted by us. He actually uses more inflammatory words than that, but I'll use that. And that we somehow misled the district court. But those plans were all before the district court at the time. They were all before this court at the time. And there was nothing fraudulent about it. And, indeed, as referenced in the briefing, Mr. Rejas, in a separate State action, had brought a claim against Morgan Stanley and Kramer Levin, my firm as well, arising out of, in part, the arguments that happened in this Federal court proceeding in the district court and in the prior appeal. And in that case, it made a motion for disqualification. And I'd suggest ---- Mr. Goldman, how many appeals have there been in this case and how many separate proceedings have there been? So it's a bit complicated. There was an original proceeding filed in State court that we removed to Federal court. That was what was before Judge Kogan. That has been up to this court twice thus far. And, in addition, Mr. Rejas made a motion for review on Bonk that was denied by the court. Separately, after Judge Kogan issued his motion to dismiss, there were two State court actions that he declined to exercise jurisdiction over. And, therefore, those went back to State court. So there's that State court action pending. Mr. Rejas subsequently filed an additional State court action against Morgan Stanley and Kramer Levin, this time as a defendant as well. That has now been dismissed in an order issued by Justice Landisino in the King's Supreme on July 18, 2018. Thank you. Thank you very much. Thank you, Mr. Holtzman. Mr. Rejas? Fifteen seconds. Fifteen seconds. Yes, you may have 15 seconds. Mr. Holtzman mentions that these are the same arguments that were presented a year ago. Last year, this court ruled whether sua sponte on the statute of limitations was fair or not, whether it was within the face of the complaint. This is not what we're talking about today. Today we're talking about bypassing, you know, ignoring what the Supreme Court wrote, that you must afford the party the ability to have a meeting and discuss it with the party before you actually rule on a sua sponte. Two different things completely. Thank you. I'm sorry. Thank you both. Thank you both.